# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
The Cellular Telephone Assigned Call Number: (614) )
929-1862 )
)
)

Case No. 2:23-mj-429

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the ___Southern___ District of ___Ohio___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 248(a)(1), 18 U.S.C. § 875(c), and 18 U.S.C. § 844(e). | Freedom of Access to Clinic Entrances and Threatening Interstate Communications |

The application is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Blane Wetzel, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: July 19, 2023

City and state: Columbus, OH

_____
Kimberly A. Jolson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN HISTORICAL AND PROSPECTIVE RECORDS CONTAINING CELL SITE INFORMATION, PEN REGISTER / TRAP AND TRACE DEVICES WITH CELL SITE INFORMATION, AND GPS PING DATA CONCERNING THE TARGET MOBILE PHONE BEARING T-MOBILE PHONE NUMBER (614) 929-1862 | Case No. 2:23-mj-429 <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Blane Wetzel, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (614) 929-1862 (the "Target Cell Phone"), whose service provider is T-Mobile, a wireless telephone service provider headquartered in Parsippany, New Jersey. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," see 18 U.S.C. § 3127(3) & (4), the

requested warrant is designed to also comply with the Pen Register Act. See 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. See 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Federal Bureau of Investigation (the "FBI"), and have been since August 21, 2016. I am assigned to the Public Corruption and Civil Rights Squad of the Cincinnati Division Columbus Resident Agency. In my capacity as a Special Agent, I work on the Southern Ohio Public Corruption Task Force, which is comprised of various state and federal agencies, and am responsible for investigating violations of federal law, including, but not limited to, public corruption, extortion, bribery, theft from programs receiving federal funds, color of law violations, hate crimes, and freedom of access to clinic entrances violations. I have conducted and participated in investigations that involved the use of advanced investigative techniques such as the use of: Title III interceptions; confidential human sources; consensually monitored meetings; execution of search warrants on computers, emails, other electronic communication devices, and physical structures; pen register and trap/trace devices; financial record analysis; and physical surveillance. During these investigations, I have participated in monitoring court authorized wire interceptions, conducted consensually recorded conversations, conducted witness interviews, analyzed telephone toll data, and analyzed records.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Mohamed Farah Waes ("Waes") has violated 18 U.S.C. § 248(a)(1), 18 U.S.C. § 875(c), and 18 U.S.C. § 844(e). Waes was charged with these crimes on July 11, 2023 and is the subject of an arrest warrant issued on July 12, 2023. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Waes, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

## JURISDICTION

6. This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States and has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the FBI, is conducting a criminal investigation of Mohamed Farah Waes ("Waes") regarding possible violations of 18 U.S.C. § 248(a)(1), 18 U.S.C. § 875(c), and 18 U.S.C. § 844(e).

8. On or about July 11, 2023, a federal Grand Jury returned an indictment (the "indictment") of Waes for violations of 18 U.S.C. § 248(a)(1), 18 U.S.C. § 875(c), and 18 U.S.C. § 844(e). The Indictment is attached, and the facts set forth therein are incorporated by reference, *See* Case No. 2:23-cr-00147 (S.D. Oh.). In connection with the Indictment, I obtained an arrest warrant for Waes.

9. I have reviewed records from multiple sources through the course of the investigation that associate Waes with the Target Cell Phone. For example, on June 18, 2023,

Waes provided the Target Cell Phone telephone number to the Columbus Police Department and advised that the number was his telephone number. There are multiple Columbus Police Department reports over the last three years where he has associated himself with the Target Cell Phone.

10. During the course of this investigation, I obtained toll records for the Target Cell Phone, which revealed that the Target Cell Phone made contact with the Clinical Health Network for Transformation, a call center associated with Planned Parenthood of Greater Ohio, on July 5, 2022. Planned Parenthood reported receiving a threatening call on that day related to A. A., the domestic partner of Waes. Planned Parenthood recorded portions of the call and maintained a record indicating that the Target Cell Phone made the threatening call in question.

11. On official documents with the State of Ohio, including an Ohio Driver's License, Waes lists his permanent address as 2655 Castine Way, Reynoldsburg, OH 43068. Ohio BMV records indicate the Reynoldsburg address is associated with Waes's father and other family members. In multiple Columbus Police Department reports, Waes lists 178 E. 13th Avenue, Columbus Ohio, 43201 as his residence. This address is also associated with A. A. in the reports. During the course of the investigation, FBI agents have visited the 178 E. 13th Avenue address multiple times in order to positively identify Waes at the location. Waes has not been observed at the address. However, A. A. and a vehicle associated with her family, have been observed there. Waes does not have an active Ohio Driver's License nor any active motor vehicle registrations.

12. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular

telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including precision location data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. Precision location data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than precision location data.

13. Based on my training and experience, I know that T-Mobile can collect precision location data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

14. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the

communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

15. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

16. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior and flee from prosecution. See 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. See 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. See 18 U.S.C. § 3103a(b)(2).

17. I further request that the court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request the Court direct T-Mobile to furnish the government all information,

facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

19. I further request the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss a criminal investigation that is not known to the public. Accordingly, there is good cause to seal these documents because their premature disclosure may jeopardize the investigation.

Respectfully submitted,

_____
Blane J. Wetzel
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on _____ July 19, 2023 _____, 2023

_____
Kimberly A. Jolson
United States Magistrate Judge

## **ATTACHMENT A**

**Property to Be Searched**

1. The cellular telephone assigned call number (614) 929-1862, whose listed subscriber is unknown, and whose wireless service provider is T-Mobile, a company headquartered in Parsippany, New Jersey.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of T-Mobile.

## ATTACHMENT B

### Particular Things to be Seized

**I.     Information to be Disclosed by Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available precision location data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

Historical records related to the Target Mobile Phone described in Attachment A for a period of thirty (30) days including:

- Subscriber information including but not limited to the customer's name, address, date of birth, social security number, other phone numbers on the same account, etc.;

- Device identification information including but not limited to the IMEI, IMSI, ESN, MEID, Wi-Fi and Bluetooth MAC Addresses, etc.;
- Billing information including but not limited to bank accounts/credit cards used to make payment and dates/locations where cash payments were received;
- Complete records of usage for voice, SMS, and data sessions, including but not limited to dates, times, durations, called numbers, calling numbers, cellular towers and sectors utilized for each communication, etc.;
- RTT records, PCMD records, NELOS records, TrueCall records, and all other records containing timing advance measurements and distance-to-tower measurements for all technologies (CDMA, GSM, UMTS, LTE, etc.); and
- Internet activity reports, records of Internet Protocol (IP) usage, etc.

**II.  Information to be Seized by the Government**

All information described above in Section I that will assist in arresting Mohamed Farah Waes, who was charged with violating 18 U.S.C. § 248(a)(1), 18 U.S.C. § 875(c), and 18 U.S.C. § 844(e) on July 11, 2023, is the subject of an arrest warrant issued on July 12, 2023, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MOHAMED FARAH WAES,<br><br>Defendant. | CASE NO. _____<br><br>JUDGE 2:23-CR-147<br>Judge Watson<br><br>INDICTMENT<br><br>18 U.S.C. § 248(a)(1)<br>18 U.S.C. § 875(c)<br>18 U.S.C. § 844(e) |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. The defendant, **MOHAMED FARAH WAES ("WAES")**, resided in or near Columbus, Ohio, within the Southern District of Ohio.

2. Planned Parenthood of Greater Ohio (PPGOH) operates medical facilities throughout Ohio, including in Columbus, Ohio, that provide reproductive healthcare services, including abortion services. PPGOH maintains a website which clearly identifies the services it provides.

3. L.L. is a call center agent employed by the Clinical Health Network for Transformation (CHN) to answer incoming telephone calls to PPGOH.

## COUNT ONE

1. The factual allegations contained in Paragraphs 1 through 3 of the Indictment are re-alleged and fully incorporated by reference herein.

2. On or about July 5, 2022, in the Southern District of Ohio, the defendant, **MOHAMED FARAH WAES**, by threat of force, intentionally intimidated and interfered with, and attempted to intimidate and interfere with, L.L. and the employees of PPGOH, because PPGOH was and had been providing reproductive health services, and in order to intimidate L.L. and the employees of PPGOH from providing reproductive health services.

**All in violation of Title 18, United States Code, Section 248(a)(1).**

## COUNT TWO

3. The factual allegations contained in Paragraphs 1 through 3 of the Indictment are re-alleged and fully incorporated by reference herein.

4. On or about July 5, 2022, in the Southern District of Ohio, and elsewhere, the defendant, **MOHAMED FARAH WAES**, knowingly and willfully transmitted in interstate and foreign commerce, a communication, which contained a threat to injure another person, to wit: **WAES** contacted PPGOH by telephone, spoke with L.L., and indicated that he would burn down a PPGOH facility and everyone in it, or words to that effect.

**All in violation of Title 18, United States Code, Section 875(c).**

## COUNT THREE

5. The factual allegations contained in Paragraphs 1 through 3 of the Indictment are re-alleged and fully incorporated by reference herein.

6. On or about July 5, 2022, in the Southern District of Ohio, and elsewhere, the defendant, **MOHAMED FARAH WAES**, through the use of an instrument of interstate or foreign commerce, to wit: a telephone, willfully made a threat to kill, injure, and intimidate any individual and to unlawfully damage and destroy a building by means of fire and an explosive.

All in violation of Title 18, United States Code, Section 844(e).

A TRUE BILL.

*s/Foreperson*
GRAND JURY FOREPERSON

KENNETH L. PARKER
UNITED STATES ATTORNEY

JENNIFER RAUSCH (OH 0075138)
Assistant United States Attorney

KRISTEN CLARKE
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

DANIEL GRUNERT (DC 1721133)
Trial Attorney